IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 73301-0-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SALLYEA MCCLINTON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: March 7, 2016 |
| | ) | |

VERELLEN, A.C.J. — Sallyea McClinton appeals from an order imposing 300 days' confinement for five willful violations of his community custody conditions. McClinton contends the trial court's reliance on hearsay statements, absent findings of good cause or reliability, violated his right to due process. Because this issue is moot, and McClinton provides no argument that the public interest exception applies, we dismiss this appeal.

FACTS

In 1997, McClinton was convicted of first degree rape while armed with a deadly weapon, first degree attempted rape, and first degree burglary. The trial court imposed a sentence of 226 months followed by two years of community custody. Upon his release from prison, McClinton was required to abide by several community custody conditions.

In 2013, McClinton began his term of community custody. In 2014, McClinton was alleged to have violated five community custody conditions. At McClinton's sentence modification hearing on February 19, 2015, his community corrections officer John Chinn

testified. Officer Chinn's testimony included hearsay statements supporting the alleged violations.

The trial court found McClinton had violated five community custody conditions. The trial court imposed 60 days for each violation, to be served consecutively, for a total of 300 days' confinement. McClinton has served his confinement. He was released on August 3, 2015.

McClinton appeals the trial court's sentence modification order.

ANALYSIS

McClinton contends the trial court's reliance on hearsay statements, absent findings of good cause or reliability, violated his right to due process under the standards enunciated in State v. Abd-Rahmaan.[1] But this issue is moot. McClinton has already served the term of confinement imposed for these violations of his community custody conditions, so we cannot provide any meaningful relief.[2] McClinton provides no argument that the public interest exception applies.

We dismiss this appeal as moot.

WE CONCUR:

---

[1] 154 Wn.2d 280, 111 P.3d 1157 (2005).

[2] In re Detention of Cross, 99 Wn.2d 373, 376-77, 662 P.2d 828 (1983) ("A case is moot if a court can no longer provide effective relief.").

2